UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
OCT 2 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-245-GWU

ESTILL GAY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The above-styled action is an appeal from an unfavorable administrative decision on the plaintiff's claim for Supplemental Security Income under the Social Security Act. The Secretary has moved to dismiss the action, on the ground that this appeal to the federal courts was not filed within the requisite sixty-day period required by 42 U.S.C. Section 405(g).

## APPLICABLE LAW

An applicant for Social Security disability benefits must file a civil action in the district court within sixty days after the decision denying benefits is mailed to him as per Section 405(g). The Commissioner has interpreted "mailing" as the date of the claimant's receipt of the decision and, according to 20 C.F.R. Section 422.210(e), the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a "reasonable showing" to the contrary.

In the absence of arguments alleging an erroneous calculation of the sixty-day period, a plaintiff must contend that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period.

1

In Bowen v. City of New York, 476 U.S. 467 (1986), it was determined that the sixty-day period could be tolled by equitable considerations. Bowen, 476 U.S. at 480. Such circumstances, described by the Court in a footnote, could include illness, accident, destruction of records, mistake or a claimant's misunderstanding of the appeals process. Id. at n. 12.

Courts have found "equitable circumstances" which could justify the tolling of the appeal period in Social Security cases to include situations:

> (1) Where a clandestine agency policy or procedure has a direct impact on the appeal procedure, or the ability to make a meaningful decision to appeal, to the federal courts--e.g., Bowen v. City of New York, 476 U.S. at 481; Bailey v. Sullivan, 906 F.2d 910 (2nd Cir. 1990);
>
> (2) Where confusion over the status of a claim or the appeal procedure itself, on the part of either a claimant or his representative, is reasonably traceable to some affirmative misconduct (or omission in the fact of a direct, diligent inquiry regarding appeal) on the part of the agency or its representatives--e.g., Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987); Aschettino v. Sullivan, 724 F. Supp. 1116 (W.D. N.Y. 1989); or
>
> (3) In the case of a claimant unaccompanied by counsel, where there exists a mental impairment of sufficient magnitude to cast doubt on his ability to understand the appeals process--e.g., Canales v. Sullivan, 936 F.2d 755 (2nd Cir. 1991).

In any of these instances, the shorter the time lapse and the more diligent the conduct on the part of the claimant or his attorney, the more easily a court may find justification for the tolling.

The Sixth Circuit Court of Appeals has identified several specific instances of what justify tolling the limitations period under Section 405. In the case of Day v. Shalala, 23 F.3d 1052 (6th Cir. 1994), the Sixth Circuit merely held that a particular

2

unpublished--but not clandestine or secretive--policy would not present an instance of equitable tolling.[1]

## DISCUSSION

In the Plaintiff's Response to Commissioner's Motion to Dismiss or in the Alternative Motion for Summary Judgment, the plaintiff argues that the complaint was received by him on April 10, 2006, already outside the five day presumed-receipt period, and that his attorney never received a copy of the Appeals Council's Notice directly from the agency. As the defendant notes, however, no affidavits or copy of the outside of the envelope containing plaintiff's copy of the Appeals Council letter was submitted to this Court. Examination of the attachment to the motion to dismiss, moreover, confirms that the carbon copy notation of the Notice contained the plaintiff's attorney's correct address; no allegation has been raised by the plaintiff that his address listed on the Notice was incorrect.

As noted in Reed v. Barnhart, 2005 W.L. 757862 (D. Me 2005):

> Courts have differed on the question whether [even] affidavits from the claimant and his or her representative stating a date of receipt beyond the five days presumed by the regulation are sufficient to overcome the presumption. Compare Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) (claimant's sworn word that he did not receive notice insufficient to rebut presumption); Roberts v. Shalala, 848 F.Supp. 1008, 1015-17 (M.D.Ga.1994) (affidavit of attorney's receptionist insufficient); Leslie v. Bowen, 695 F.Supp. 504, 506 (D.Kan.1988) (claimant's affidavit insufficient); Solberg v. Secretary of Dep't of Health & Human Servs., 583 F.Supp. 1095, 1098 (E.D.Wis.1984) (statements of claimant and father insufficient); Rouse v. Harris, 482

---

[1] A series of unpublished opinions have furnished further guidelines from the Sixth Circuit. E.g., the simple negligence of a prior attorney does not provide equitable circumstances. Harveston v. Commissioner, 2000 W.L. 554087 (6th Cir. 2000).

F.Supp. 766, 768-69 (D.N.J.1980) (plaintiff's assertion insufficient), with Bartolomie v. Heckler, 597 F.Supp. 1113, 1116 (N.D.N.Y.1984) (fact that lawyer did not receive notice sufficient to rebut presumption).

Thus, where (as here) there are no affidavits from the plaintiff, the plaintiff's argument as to the calculation period must fail. This is particularly true where there is no defect shown in the mailing addresses apparent from the Appeals Council's Notice. Id.

Neither are any circumstances present which would justify equitable tolling. As the defendant points out, the attorney admitted receiving from the plaintiff actual notice of the Appeals Council's decision on April 10. No extensions of time were sought and, instead, council waited until June 5th to file the complaint, despite the date of decision apparent on the Notice. No facts are alleged which would implicate agency misconduct or clandestine policy or procedures.

As the statute of limitations defect is not apparent from the complaint itself, the motion is converted into a motion for summary judgment and will be granted.

This the 20 day of October, 2006.

G. WIX UNTHANK,
SENIOR JUDGE

4